The President, &c., of the Chemung Canal Bank vs. The Board of Supervisors of the county of Chemung.

A statement in an affidavit made for a motion to change the venue, that the defendant has a good and substantial defence upon the merits to the *whole or some part* of plaintiffs' demand, is bad. Motion will be denied with costs.

*Motion by defendants to change the venue in this cause from the county of Oneida to the county of Chemung.*—John W. Wisner, chairman of the board of supervisors, made the affidavit upon which the motion was founded, and that part which stated the merits of the defendants, read as follows: " That the defendants have a good and substantial defence upon the merits in this cause, to the *whole or some part* of said plaintiffs' demand upon which this action is brought, as he is advised by said counsel and verily believes."

N. Hill, J., *Defts Counsel.*          Gray & Hathaway, *Defts Attys.*
R. W. Peckham, *Plffs Counsel.*          Spencer & Kernan, *Plffs Attys.*

Bronson, Chief Justice.—Denied the motion upon the defect in defendants' affidavit; which stated that he had a good and substantial defence upon the merits to the *whole or some part* of plaintiffs' demand; it did not come within the rule.

*Decision.*—Motion denied with costs, without prejudice.